## NELSON v. PATSEL et al.

(Circuit Court of Appeals, Ninth Circuit. March 27, 1916.)

No. 2662.

1. SEAMEN ⬳10—PROVISIONS—COMPENSATION FOR REDUCED ALLOWANCE.

A provision in shipping articles signed by seamen for a voyage from San Francisco to Alaska and return that the scale of provisions should be that prescribed by Rev. St. § 4612, as amended by Act Dec. 21, 1898, c. 28, § 23, 30 Stat. 762 (Comp. St. 1913, § 8392), is a valid and enforceable contract, and its violation entitles the seamen to recover the compensation provided by Rev. St. § 4568, as amended by Act Dec. 21, 1898, c. 28, § 14, 30 Stat. 758 (Comp. St. 1913, § 8357).

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 34–38; Dec. Dig. ⬳10.]

2. SEAMEN ⬳10—PROVISIONS—COMPENSATION FOR REDUCED ALLOWANCE.

The compensation to which a seaman is entitled under Rev. St. § 4568, as amended by Act Dec. 21, 1898, c. 28, § 14, 30 Stat. 758 (Comp. St. 1913, § 8357), for reduction in the quantity of provisions supplied from that specified in the scale provided, attaches to a reduction in each article, and not to an aggregate reduction.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 34–38; Dec. Dig. ⬳10.]

3. SEAMEN ⬳10—PROVISIONS—COMPENSATION FOR REDUCED ALLOWANCE.

A shipowner can only be relieved from liability for failure to furnish to seamen provisions in accordance with the statutory scale on some one of the grounds specified in Rev. St. § 4568, as amended by Act Dec. 21, 1898, c. 28, § 14, 30 Stat. 758 (Comp. St. 1913, § 8357).

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 34–38; Dec. Dig. ⬳10.]

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Suit in admiralty by Carl Patsel and others against P. M. Nelson, charterer of the schooner Roy Somers, for short allowance of food furnished libelants as seamen. Decree for libelants, and respondent appeals. Affirmed.

Duncan McLeod, Ira A. Campbell, and McCutchen, Olney & Willard, all of San Francisco, Cal., for appellant.

H. W. Hutton, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MORROW, Circuit Judge. Libelants signed shipping articles before the United States commissioner at the port of San Francisco to serve as seamen on board of the American schooner Roy Somers from the port of San Francisco to Koggiung, Alaska, and such other Alaskan points as the master might direct, and return to San Francisco for final discharge, either direct or via one or more ports on the Pacific Coast, for a term not exceeding nine calendar months. It was agreed that the crew would load and discharge all cargoes and ballast, if required, and work on shore or in boats, as the master or agent of the charterer should direct, subject to the agreement attached to the shipping articles. In the agreement attached to the shipping articles were stipulations relating to the employment of the crew as fishermen in certain waters in Alaska. The wages of the crew were fixed in the shipping articles by specified sums—some by the run, and some by the month. A scale of provisions and substitutes, as required by section 4612 of the Revised Statutes (Comp. St. 1913, § 8392) to be allowed and served out to each of the crew during the voyage, was contained in the shipping articles. There was also a provision that the seamen should have the option of accepting the fare the master might provide, but the right at any time to demand the agreed and statutory scale of provisions.

It is alleged in the libel that upon the return voyage of the schooner from Koggiung, Alaska, the vessel was used for the sole purpose of transporting libelants and supplies to San Francisco, and that during said return voyage the respondent failed to furnish the libelants with water of a suitable quality and provisions in the quantities provided by the statute. The particulars in which the respondent failed in this respect are set out in the libel, and it is alleged that by reason of the premises the libelants were entitled to recover of respondent, as wages for shortages of food and bad water, certain specified amounts, aggregating the sum of $162 each, or the total of $3,402 for all the libelants.

The respondent answered, and admitted the hiring of the libelants as seamen to serve on the American schooner Roy Somers, of which respondent was the charterer, from San Francisco, Cal., to Koggiung, Alaska, there to catch fish for respondent, and to return as seamen on board of such schooner to the port of San Francisco; admitted that the libelants signed shipping articles for such voyage and service before the United States commissioner at the port of San Francisco; admitted that in the shipping articles it was agreed that respondent would supply each of the libelants with the scale of provisions mentioned and set forth in section 4612 of the Revised Statutes of the United States, or the lawful equivalent or substitute therefor; admitted that in pursuance of such contract of hire each of the libelants entered into the service of respondent on board of said schooner at San Francisco, and proceeded in said vessel to Koggiung, Alaska, at which place they left said vessel and went on shore and caught salmon for said respondent, and thereafter returned on board said vessel, and the vessel with all of the libelants on board left Koggiung for San Francisco on August 9, 1914, and arrived in San Francisco on September 7, 1914, and that each of said libelants worked as a

seaman on board said vessel on such return voyage; admitted that on such voyage to Koggiung and return the vessel was used for the sole purpose of transporting libelants and supplies to said Koggiung and bringing salted salmon from said Koggiung to San Francisco, and denied that she never at any time engaged in fishing; denied that on the return voyage the water supplied by the respondent to be used in cooking food for libelants was at all times bad, and alleged that there was at all times a supply of good water on board; denied that there was any shortage in the supply of provisions served to the libelants on the return voyage, except in respect to potatoes, and in that behalf the respondent alleged the potatoes were taken from San Francisco on the voyage northward, but the same could not be preserved in good condition throughout the summer months, while libelants were engaged in fishing in Alaska, and that it was impossible to procure in Alaska any potatoes for the return voyage, and that the failure to have any potatoes on said voyage was due to no act of negligence or failure on the part of respondent, but was the result of natural causes over which respondent had no control.

The court below entered a decree in favor of each of the libelants to recover from the respondent, for the shortage of provisions mentioned in the libel and shown by the proof, the following amounts:

Water ...........................................................$14 50
Potatoes or yams................................................ 29 00
Rice ........................................................... 6 00
Onions ......................................................... 8 00
Beans .......................................................... 2 00
Salt pork....................................................... 6 00

Total .....................................................$65 50

It is contended by the appellant that the court was in error in holding that the respondent was required to provide the scale of provisions appended to section 4612 of the Revised Statutes. In support of this contention reference is made to certain provisions of the statute and amendments thereto which have the effect of relieving vessels in the coastwise trade from the requirement that shipping articles shall contain the scale of provisions which each seaman carried to sea as one of the crew shall receive.

[1] The statute may be, and probably is, open to the construction contended for; but we do not see how that relieves the respondent from his liability under section 4612 of the Revised Statutes. It does not appear that the Roy Somers was engaged in the coastwise trade on the voyage in question, or that it was otherwise exempt from the statutory requirement as to shipping articles or the scale of provisions therein provided. In any event, the respondent entered into a written contract with the libelants that section 4612, R. S., should be a condition of their employment. The condition was reasonable, proper, legal, and enforceable; and the libelants being entitled to the scale of provisions provided in that section by the terms of their contract, as well as by the statute as we construe it, the respondent's liability is measured by section 4568 of the Revised Statutes, under which the decree for the libelants was entered in this case.

[2] Section 4568 (Comp. St. 1913, § 8357) provides that. if the allowance of any provisions which any seaman is entitled to receive under section 4612, R. S., is reduced, or if it be shown that any of such provisions were, or had been during the voyage, bad or unfit for use, the seaman shall receive, by way of compensation for such reduction or bad quality, according to the time of its continuance, the sums mentioned in the section, to be paid to him in addition to, and to be recoverable as wages:

First. If his allowance is reduced by any quantity not exceeding one-third of the quantity specified by law, a sum not exceeding 50 cents a day.

Second. If his allowance is reduced by more than one-third of such quantity, a sum not exceeding $1 a day.

Third. In respect of bad quality, a sum not exceeding $1 a day.

It is contended in respect to these allowances that the statute means that the food allowances must be taken as a whole, and not by articles, and that a reduction occurs only when all the articles of food required to be served on any one day falls below the percentage provided by the statute. The statute provides that the allowances attach to the reduction in *any* of the articles of food mentioned in the scale from the quantities specified, and not a reduction in the *aggregate* of the daily allowances. The purpose of the statute was plainly to require a variety of food and its allowance on certain days of the week, as well as the quantity of the articles of food therein specified. The wording of the statute with its specification of allowable substitutes seems to us conclusive of this question. A specified article of food cannot be withheld without furnishing a specified substitute, and hence the allowance must attach to a reduction in each article of food required, and not to an aggregate reduction.

[3] It is next contended by the respondent that, having asked Swanson, the cook, to furnish the respondent with a list of provisions required for the voyage, the latter had discharged his duty to the libelants when provisions had been furnished in accordance with the list. The testimony about this list is not clear; but we do not think the fact, if established, is material. The provisions furnished for the voyage, whether in accordance with the cook's list or not, were insufficient to serve the crew with the quantity of provisions provided in the statute. There was a reduction in the provisions furnished, and that is the test of the respondent's liability.

The agreement of the master was that he would supply the crew with provisions in accordance with the schedule annexed to section 4612 of the Revised Statutes. This was a positive agreement, made in accordance with the mandatory terms of the statute. The only qualification was the reference, in section 4568 of the Revised Statutes, to circumstances which should be taken into consideration by the court for the modification or reduction of compensation as the justice of the case might require. The qualification is:

"But if it is shown to the satisfaction of the court before which the case is tried that any provisions, the allowance of which has been reduced, could not be procured or supplied in sufficient quantities, or were unavoidably injured or lost, or if by reason of its innate qualities any article becomes unfit for use

and that proper and equivalent substitutes were supplied in lieu thereof, the court shall modify or refuse compensation, as the justice of the case may require."

As the decree is not for the full amount claimed by the libelants, nor for the full amount for which there was some testimony tending to establish, we do not know that the circumstances referred to in the statute were not fully considered by the court. On the contrary, the presumption is that such circumstances were considered and operated to reduce the maximum allowance that might have been imposed by the court. There was testimony that the cook told the master of the vessel and another witness, just before leaving Alaska, that he had provisions for 35 days. The cook denies having made such statement; but whether he made it or not is immaterial. The cook's statement would not relieve the master from his liability for a failure to supply the provisions required by the contract and by the statute.

It is objected that the testimony does not establish the bad quality of the water, upon which the court allowed compensation in the sum of $14.50. The voyage took 29 days. The testimony tends to establish the fact that the bad water was in use 27 days for cooking purposes. The maximum compensation for that time would have been $27. We think that the compensation of $14.50 is fully supported by the evidence.

There is no question about the shortage of potatoes. No potatoes were served on the return voyage, and no substitute furnished. The maximum compensation of $29 was unquestionably justified.

With respect to the reduction in the quantities of rice, for which compensation of $6 was allowed; reduction in the quantities of onions, for which compensation of $8 was allowed; reduction in the quantities of beans, for which compensation of $2 was allowed; and reduction in the quantities of salt pork, for which compensation of $6 was allowed—we find the testimony sufficient to sustain the decree.

The statute is clearly mandatory, and is designed to secure for each seaman a timely and suitable quantity, quality, and variety of food for the service for which he has been employed. If there has been no failure on the part of master, shipowner, or charterer to comply with the statute in this respect, it can be easily established by proof, and the court need not be left in any doubt upon the subject. In this case the lower court heard the witnesses and was able to judge of their credibility and the weight of the testimony. The presumption is that the decree is correct, and that presumption is not overcome by any testimony that appears in the record.

The decree of the District Court is affirmed.